

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**OXFORD DIVISION**

STEPHEN LEWIS,

    PLAINTIFF,

VS.

CITY OF SOUTHAVEN, MISSISSIPPI,

AND DETECTIVE WHITNEY WALLEY, IN HER

OFFICIAL AND INDIVIDUAL CAPACITY

AS A SOUTHAVEN POLICE DEPARTMENT

DETECTIVE,

    DEFENDANTS.

CAUSE No.: 3:23CV336-DMB-RP

**JURY TRIAL DEMANDED
PURSUANT TO FED. R. CIV.**

**PRO. 38 (a) & (b)**

---

## COMPLAINT

---

COME NOW the Plaintiff, STEPHEN LEWIS, pro se, filing this Complaint for Damages and in support thereof, would show the Honorable Court the following, to-wit:

### I.    INTRODUCTION

1.    This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiff as a result of his false arrest pursuant to warrant affidavit that lacked probable cause under *Malley v. Briggs*, illegal search and seizure of cell phone content, malicious prosecution, and the loss of liberty while the Defendants acted under color of state law. Plaintiff bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of

his federally protected civil liberties to be free from unlawful search and seizure of cell phone content without obtaining a warrant, to free from prosecution without probable cause, to be free from arrest without probable cause, and to be free from the loss of liberty without due process. U.S. CONST. amends V, IV, XIV.

2.     As a direct result of the policies, practices, customs, and procedures of the City of Southaven ("CITY "), Plaintiff were intentionally deprived of his constitutional rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendant Detective Whitney Walley acting in the course and scope of her employment with the City of Southaven, and acting under color of state law, falsely arrested Plaintiff pursuant to a warrant affidavit that lacked any facts to establish probable cause and maliciously prosecuted Plaintiff without probable cause and under the circumstance where no reasonable detective would have done so. Under long established laws on the above violations. Defendants Detective Walley are not entitled to qualified or other immunity for these actions pursuant to Blake v. Lambert, No. 18-6017(5th Cir. 2019).

## II. JURIDICTION AND VENUE

3.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (3) (civil rights) and 28 U.S.C. § 1343 (a)(3). This court further has jurisdiction as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue in the Northern District of Mississippi is proper under 28 U.S.C. § 1391 (b) because Defendants are located in this District and the events, actions, and injuries giving rise to the claims described in the body of this Complaint all occurred in the

Northern District of Mississippi and more specifically in Southaven, Desoto County, MS.

## III. PARTIES

5.    Plaintiff, STEPHEN LEWIS (hereinafter referred to as "Lewis" or "plaintiff") is an adult resident citizen of Shelby County. Plaintiff's date of birth is March 4, 1972, who resides at 852 Whitehaven Lane, Memphis, Tennessee 38116.

6.    Defendant City of Southaven (hereinafter "the City") is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi. Amongst its many functions, the City of Southaven operates and maintains a law enforcement agency known as the Southaven Police Department ("SPD"). The City of Southaven is under a duty to operate its policing activities in a lawful manner and to create and approve policies and procedures so as to preserve the peace of the City of Southaven and the rights, privileges, and immunities guaranteed and secured to persons residing in the United States by the constitutions and the laws of the United States and/or the State of Mississippi. Such municipality is subject to suit pursuant to 42 U.S.C. Section 1983. The City of Southaven may be served with this Complaint by serving Mayor Darren Musselwhite, City of Southaven, at 8710 Northwest Drive, Southaven, Ms. 38671 and/or the City Clerk, Andrea Mullen, City of Southaven, at 8710 Northwest Drive, Southaven, MS. 38671.

7.    Defendant Whitney Walley ("Detective Walley" or "Defendant Walley") is upon information and belief, is a person residing in Southaven, Mississippi. At all times pertinent hereto, Defendant Walley is an employee and Detective with the Southaven Police Department, acting under the color of state law and within the course and scope of her employment with the Southaven Police Department violated Plaintiff's federal constitutional rights by exercising a complete and reckless disregard for the truth on November 25, 2020, which resulted in the improper issuance of warrant that were relied upon in the false arrest, detention, and malicious prosecution of Plaintiff. Plaintiff

is bringing this action against Defendant Walley in both her individual and official capacity as a Detective for the Southaven Police Department. Defendant Walley may be served at 8691 Northwest Drive, Southaven, Ms. 38671, or alternatively at her residence or alternatively, by serving this Complaint on Ronald L. Taylor, City Attorney, 8710 Northwest Drive, Southaven, Ms. 38671 and/or the City Clerk, Andrea Mullen, City of Southaven, Mississippi, to perform duties in the City of Southaven at 8710 Northwest Drive, Southaven, Mississippi 38671.

## IV. FACTUAL ALLEGATIONS

8.     On or about November 1,2020, at approximately 1739 hrs. (5: 39 P.M.) Officer Sturghill of Southaven Police Department arrived at 304 Market Plaza Best Buy for a report of credit card fraud.

9.     Officer Sturghill met with the complainant Kenny Horton and he told officer Sturghill that his vehicle was broken into at the Memphis Zoo.

10.    His wife's purse was stolen with their Renasant Bank visit debit card. A report with Memphis Police Department (MPD) was filed.

11.     Kenny Horton told officer Sturghill that he checked his checking account and saw that his Renasant Bank visa debit card was used at Best Buy at 304 Market Plaza Southaven, Mississippi for a total of $4,102.12.

12.     Kenny Horton was given a receipt at Best Buy showing that someone had bought the following items with the visa debit credit card (1) 50 mm camera lens, (1) Sony camera, and (2) IPads Pros. Sale associate Allen advised he will view the video Camera to see who used the visa debit cards and make a CD ready for the report.

13.     Plaintiff was not a suspect of the crime and had never been to the City of Southaven.

14.     On November 13.2020, investigator Cory Weatherspoon without probable cause arrested Plaintiff for two (2) counts of auto burglary and one (1) count of credit card fraud in Greenville, Mississippi.

15. All charges were later dismissed in Greenville, Mississippi pursuant to *Nolle Prosequi* motion filed by the prosecutor in the interest of justice.

16. On November 23,2020, Justice Court Judge Laverne Holmes Carter in Washington County Greenville, Mississippi issued investigator Weatherspoon a search warrant for Plaintiff's cell phone.

17. On November 18, 2020, before the Justice Court Judge had issued the search warrant to search Plaintiff's cell phone, investigator Cory Weatherspoon of Washington County Sheriff Dept. in Greenville, Mississippi accessed the digital photo contents of Lewis's cell phone without a search warrant and called Southaven Police Department regarding his findings.

18. Investigator Weatherspoon, provided Zack Edmonds the dispatch shift Supervisor Sergeant Seth Kern with the following information, which was sent to Sergeant Seth Kern from Zack Edmonds via email.

From: ZACK EDMONDS< zedmond@southaven.org>

Sent: Wednesday, November 18, 2020, 6:14 PM

To: Seth Kern skern@southaven.org>

Cc: Nick York nyork@southaven.org

Subject: Info from Washington County SO

"*Investigator Weatherspoon from Washington Co Sherriff's Dept, in Greenville, called us this evening. He said they have someone in custody for auto burglary and in the course of their investigation they located evidence of multiple fraudulent purchases with illegally obtained credit cards including a receipt from Best Buy for a large amount possibly from report number 202000080385. He can be contacted at 662-616-0073.*"

Thanks.

Zack Edmonds #3137

Dispatch Shift Supervisor and CTO

Proudly serving since 2017

19.     The Fourth Amendment requires a warrant to be obtained before the information, data, and content of the cell phone could be accessed and searched by law enforcement.

20.     The Fourth Amendment exclusionary rule prevents law enforcement from using evidence and information that derived from an illegal searches and seizures in violation of the Fourth Amendment.

21.     On November 20,2020, Supervisor Sergeant Seth Kern emailed Detective Walley, and asked her "can you look into this? Thanks.

From: Seth Kernskern@southaven.org

Sent: Friday, November 20,2020 9:54 AM

To: Whitney Walleywwalley@southaven.org

Cc: Nick Yorknyork@southaven.org

Whitney,

*Can you look into this? Thanks*.

Seth

22.     On November 20, 2020, Detective Walley responded back to her Supervisor Sergeant Seth Kern by email Yes sir.

From:   Whitney Walley

Sent:    Friday, November 20,2020 10:14 AM

To:      Seth Kern

Subject:  RE: info from Washington County SO

Yes sir, the report number is 2020000800385

It hasn't been assigned to anyone yet and it looks like video needs to be collected.

23.    On November 20,2020, Detective Walley with the City of Southaven Police Department, was assigned to the case and investigated the information provided by investigator Cory Weatherspoon.

24.    On or about November 19th or 20th, 2020, Detective Walley made contact with investigator Weatherspoon and started investigating the information.

25.    Investigator Weatherspoon informed Detective Walley that while searching Plaintiff's cell phone, he located photographs of receipts from Best Buy in Southaven, Mississippi.

26.    Detective Walley without obtaining a search warrant accessed and viewed the Illegally obtained photo receipt from Lewis' cell phone sent by Weatherspoon via email.

27.    Detective Walley confirmed the following:

"On 11/19/2020, I made contact with Detective Weatherspoon and he informed me that Stephen Lewis was placed in custody for auto burglary. Detective Weatherspoon informed me that during their investigation, he located several electronic items and completed a search warrant on Stephen Lewis' cell phone. Detective Weatherspoon informed me while searching Stephen Lewis' cell phone, he located photographs of receipts from Best Buy in Southaven, Mississippi.

Detective Weatherspoon then sent me the picture of the receipt via email. Once receipt matched some of the items bought fraudulent with my victim's stolen credit cards, last four 8088. I wasn't able to see the credit card information or victim's name due to the bottom not being in the photograph. I did notice that the receipt had the same date, time, items, and amounts bought with victim's credit card.

Detective Taylor and I then went to Best Buy, 304 Market Plaza. I spoke with Sales Associate Allen and asked him if I could pull video and if he could pull a receipt from their system for the items with the serial numbers that matched the photograph. Allen provided me with a printout of the receipt, which matched my victim's information and I collected the video of the incident."

28.    Detective Walley used illegally obtained information and the photo of the receipt from Best Buy in her criminal investigation to make Plaintiff the suspect in her case.

29.    Investigator Cory Weatherspoon provided no evidence to Detective Walley that Plaintiff was the person depicted in the Best Buy video.

30.    The Fourth Amendment exclusionary rule prevented Detective Walley from using the photo receipt from investigator Weatherspoon in her criminal investigation that was obtained in a blatant violation of Plaintiff's Fourth Amendment rights by investigator Cory Weatherspoon and Detective Walley.

31.    Detective Walley also collected the video from Best Buy, and conceded that she was unable to identify the suspect in the video because she could not see a clear picture of the suspect due to the face mask.

32.    Detective Whitney Walley acknowledges this fact only in her affidavit for the search warrant for Plaintiff's cell phone, pertaining to GPS with The Circuit Court of Desoto County.

   **In pertinent part**:

### AFFIDAVIT FOR SEARCH WARRANT

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

### 17th CIRCUIT COURT DISTRICT

B) Underlying Facts and Circumstances

   Having actively participated in this investigation, Your Affiant, **Southaven Police Department Detective Whitney Walley**, hereby makes the following statement of underlying facts and circumstances:

"On November 1,2020, Kenny Horton came to Southaven Police Department to report that his credit cards had been stolen and used at the Best Buy in Southaven Ms. Mr. Horton reported that the cards were stolen from his vehicle in Memphis,

Tn, on November 1, 2020, and he filed a report with Memphis Police Department.

I collected video from the Best Buy and was able to see a black male wearing a mask purchasing items. I was unable to see a clear picture of the suspect due to the face mask."

33.    Detective Walley in furtherance did not conduct photographic line-up and knew that no witness identified Plaintiff as the suspect in the Best Buy video using the victims' credit cards.

34.    Detective Walley also failed to conduct a handwritten comparison test on Plaintiff, which would have proven that Plaintiff was not the person in the Best Best Buy video who made the purchases and signed the receipt.

35.    Detective Walley knew that sales associate Allen of Best Buy did not identify Plaintiff as the person in the Best Buy video using the victims' stolen credit cards.

36.    Detective Walley knew that Plaintiff did not possess any of the Items that were purchased with the victim's credit cards.

37.    Detective Walley knew that no witness identified Plaintiff as the person in the Best Buy video using the victims' credit cards.

38.    Detective Walley also knew that the mere possession of a picture of the partial receipt from Best Buy that was sent to Plaintiff's cellphone did not establish the identity of the suspect in the Best Buy video as being Plaintiff.

39.    Detective Walley throughout her investigation of the case did not receive any information, facts or circumstances that would lead a reasonable detective to believe that Plaintiff was the suspect in the Best Buy video.

40.    Despite the above facts that Detective Walley, on November 25, 2020,

deliberately, and with malice, prepared, signed, and swore out to an "general affidavit " stating that Plaintiff did willfully, unlawfully and feloniously with intent to defraud Carole Horton, using a credit card.

41.    It reads in full :

GENERAL AFFIDAVIT

THE STATE OF MISSISSIPPI

Southaven

Southaven Municipal Court

Incident No: 202000080385

Personally appeared before me, *Brittany Williams* of the Southaven Municipal Court, Whitney Walley who makes oath that on or about the 1 day of November, 2020 within the corporate limits of said city and in the jurisdiction of the Court.

Stephen Lewis did willfully, unlawfully and feloniously with intent to defraud Carole Horton, using a credit card, bearing account number last four 8088, which was a Master Card, obtained or retained in violation of Code Section 97-19-5 to 97-19-29 to obtain two IPads Pro 11s having a value of $1799.98 before tax and $1925.98 after tax, without the consent of the cardholder that he/she had been authorized to use the credit card bearing account number last 8088, which was a Master Card. This in violation of Section 97-19-21 MCA of 1972.

To Wit: CREDIT CARD- INTENT TO DEFRAUD

This in Southaven Municipal Court in the State of Mississippi. Against the peace and dignity of the State of Mississippi and contrary to the Ordinances of said city in such cases made and provided, and the good order and peace thereof.

Signature of Whitney Walley

Affiant

Sworn and subscribed before me this 25th Day of November, 2020

Brittany Williams signature  Dcc

signed

WARRANT NUMBER: 2020000990    AFFIDAVIT PREPARED BY ID#: W. Walley #1335

42. Detective Walley's above affidavit simply identifies Plaintiff, recites the charge, and cites the corresponding Mississippi statutes. It did not provide any supporting facts from which a judge could independently determine probable cause.

43. Detective Walley knowingly failed to perform a ministerial act pursuant to Mississippi Rule of Criminal Procedure 2.1(a) by not setting forth any underlying essential facts and circumstances constituting an offense and alleging that Plaintiff committed the offense and obtained the warrant.

44. The Mississippi Rule of Criminal Procedure 1.4 (d), defined "charging affidavit" means a written statement made upon oath before a judge, clerk of the court, or other officer authorized by law to administer oaths, setting forth essential underlying facts and circumstances constituting and offense and alleging that the defendant committed the offense.

45. Detective Walley knowingly acted contrary to Mississippi Rule of Criminal Procedure knowingly or recklessly applied for her arrest warrant without probable cause, upon knowing that probable cause governs arrest warrant affidavits.

46. Detective Walley swore out to a facially deficient warrant affidavit before Deputy Court Clerk Brittany Williams and not a judge.

47. Detective Walley knew that no reasonable competent officer/Detective would have concluded that a warrant should issue under the circumstances for Plaintiff's arrest.

48. The City of Southaven Police Department Detective Whitney Walley has a practice of acting under the color of law contrary to Mississippi Rule of Criminal Procedure to charge, obtain arrest warrant, and cause individuals to be

maliciously prosecuted without probable cause.

47.    As a direct result and proximate result of the actions and/or omissions of Defendants, Plaintiff was falsely arrested; maliciously prosecuted; deprived of liberty; had his cell phone content searched and seized without a warrant; and had his Constitutional Rights under the United States Constitution and Mississippi Constitution violated.

48.    At all times relevant hereto, Detective Walley were acting in her official capacity as law enforcement Detective for the Southaven Police Department and acting under the color of law contrary to Mississippi Rule of Criminal Procedure 2.1(a)(b), when she commenced the criminal proceeding against Plaintiff by preparing, signing, and swore out to the charging affidavit before Municipal Court Clerk Brittany Williams and procured the warrant without probable cause in violation of *Malley v. Briggs.*

49.    The City has a duty to ensure that its Officers/Detectives complied with its procedures for obtaining an arrest warrant without violating individuals civil rights.

50.    Pursuant to the City's' failure to implement a process for its officers to obtain prior approval for their application for arrest warrant permitted detective Walley to act contrary to its customs, practices, and procedures and violated Plaintiff's constitutional rights.

51.    The City "maintain" a practice, custom, procedure or usage which authorized and permits its detectives to obtain arrest warrants without probable cause.

52.    This act demonstrates that Detective Walley has a custom and practice of obtaining arrest warrant without probable cause and concealing such unlawful

act due to the lack of supervision and the code of silence among Court Clerks.

53.     To conceal such misconduct, both parties, Detective Walley and Deputy Court Clerk Brittany Williams remained silent regarding the fact that no facts or circumstances were presented before any judge establishing probable cause for the issuance of the arrest warrant.

54.     On December 2,2020, as a direct result of the arrest warrant being issued without probable cause, Plaintiff was unlawfully detained for two (2) days in Washington County Regional Correctional Facility (60 Stokes King Road Greenville Mississippi 38701) by Washington County Sheriff's Department, and one (1) day in Desoto County Detention Facility.

55.   Officer K. Harris of Southaven Police Department stated the facts:

On Wednesday the 2nd day of December 2020 at approximately 0800 am (8:00am) I, Officer K. Harris # 1432 along with Officer Hawkins #1448, traveled to Washington County Regional Correctional Facility (60 Stokes King Road Greenville, Mississippi 38701) to pick up a subject who had an active Signal (Warrant) with the Southaven Police Department. The Subject who was later Identified as Stephen Lewis (B/M DOB 03/04/1972), had a warrant for Felony Credit Card Fraud- Intent to Defraud (MS CODE 97-19-21). Officer Hawkins and I Arrived at the Washington County Regional Correctional Facility and placed Mr. Lewis in our custody. Officer Hawkins, Mr. Lewis and I traveled back to Southaven, Mississippi to the Southaven Police Department Headquarter (8691 Northwest Drive Southaven, Mississippi 38671) where Mr. Lewis was booked on his warrant. The proper booking paperwork was completed, and Mr. Lewis was later Transported to the Desoto County Detention Center. End of Report

K. Harris #1432

Uniform Patrol Division

Delta Shift

Southaven Police Department

56.    Plaintiff was arrested, stripped searched, fingerprinted and booked into Washington County Regional Correctional Facility and was detained for two (2) days before having to repeat the same process with Southaven Police Department where Plaintiff was booked in and later that day posted a $15,000.00 dollars bond.

57.    After posting the bond a court date was set for a preliminary hearing Pursuant to Mississippi Rule of Criminal Procedure 6.1, no preliminary hearing was held.

58.    Detective Walley with malice, knowing that she lacked probable cause for the charge deliberately continued to institute and commenced the criminal proceeding against Plaintiff.

59.    On March 10,2021, Plaintiff was indicted as a habitual offender by the grand jury in The Circuit Court of Desoto County and was facing the possibility of life in prison for a crime that he did not commit.

60.    Detective Walley misconduct was concealed for 22 months until Plaintiff exercised due diligence and discovered the egregious act of Detective Walley and brought it to the public defender's attention at the court hearing on September 1,2022.

61.    On September 1,2022, the prosecuting attorney/ State of Mississippi

14

remanded the case back to file for the charge of CREDIT CARD FRAUD upon the state having concerns over the probable cause.

62. The total length of Plaintiff's reckless and malicious prosecution lasted from November 5,2020 until September 1,2022, (23 months) nearly two years.

63. Plaintiff for twenty-three (23) months, suffered severally mentally as a result of facing the possibility of life in prison as a habitual offender for a crime that he did not commit due to the egregious misconduct of Detective Walley.

64. As a consequence of the misconduct of Detective Walley and her abuse of the warrant procedure described above, Plaintiff sustained the damages alleged within this Complaint.

## V. CIVIL RIGHTS CLAIM

65. Plaintiff reallege paragraphs 1 through 64 of this Complaint and incorporate them herein by reference.

66. The Civil Right Acts, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress **42 U.S.C. § 1983.**

67. Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth and Fourteenth Amendments rights, and those rights, privileges,

and immunities as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the Following ways:

A.  By falsely arresting Plaintiff in violation of the Fourth Amendment and in its reasonableness standard to be from unreasonable, unlawful seizure of his person pursuant to arrest warrant affidavit that lacked probable cause under *Malley v. Briggs;*

B.  By depriving Plaintiff of liberty without due process;

C.  By maliciously prosecuting Plaintiff without probable cause; and

D.  By searching and seizing Plaintiff cell phone content without obtaining a search warrant.

Defendants' violations of Plaintiff's constitutional rights resulted in suffering and were a direct cause of his injuries.

### (1) CLAIM ONE: 42 U.S.C. § 1983—PEACE OFFICER LIABILITY

### 1. FALSE ARREST

68.  Plaintiff realleges paragraphs 1 through 67 of this Complaint and incorporate them herein by reference.

69.  Plaintiff brings this claim against Detective Whitney Walley and Deputy Court Clerk Brittany Williams, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

70.  At all material times, Defendant Detective were acting under color of State law as agent and employee of Defendant, the City of Southaven. Defendant Detective wore her official SPD badge, and were acting in the course and scope of her duties as Southaven Police Detective at all times relevant to this cause of

action.

71.   Plaintiff Lewis contends Defendant Detective violated his federal constitution rights and civil liberties guaranteed by the Fourth, Fifth and Fourteenth Amendments by falsely arresting him. Defendant Detective unlawfully acted under the color of state law to deprive Plaintiff Lewis of his Fourth Amendment rights recognized in *Malley v. Briggs,* to be free from unlawful seizure by arresting Plaintiff based on a warrant application lacking probable cause. Plaintiff alleges the following:

72.   Defendant Detective, received the information from investigator Cory Weatherspoon of Washington County Sheriff Department after he searched Plaintiff cell phone and found photo of a receipt from Best Buy in Southaven, Mississippi.

73.   Investigator Cory Weatherspoon sent Defendant Detective a picture of the receipt via email.

74.   Defendant Detective and Detective Taylor then went to Best Buy in Southaven, Mississippi and spoke with Sales Associate Allen, who provided them copy of the receipt and the Best Buy video that captured the illegal transaction.

75.   Defendant Detective after watching the Best Buy video conceded that she was unable to see a clear picture of the suspect due to the face mask.

76.   Defendant Detective Walley had never met Plaintiff throughout her law enforcement career and had no idea how Plaintiff looked.

77.    Detective Walley conducted no photo line-up, or handwritten comparison test.

78.   No Best Buy employee or witness identified Plaintiff as the suspect in the

Best Buy video.

79. No Best Buy employee gave any report that they ever seen Plaintiff in Best Buy store.

80. Despite no probable cause for charging Plaintiff with felony credit card fraud.

81. On November 25,2020, Detective Whitney Walley, prepared, signed and swore out to affidavit that lacked probable cause for the issuance of the arrest warrant before Deputy Court Clerk Brittany Williams.

82. Detective Walley has understanding of warrants affidavits and routinely submitted them to the court and was aware they could lead to arrests.

83. It is readily apparent that Detective Walley made a personal decision to to have plaintiff arrested without probable cause in violation of the Fourth Amendment, and wanton by acting contrary to City's procedure under Mississippi Rule of Criminal Procedure 2.1(a), by failing to set forth any underlying facts and circumstances, with a swore out to warrant affidavit before Deputy Court Clerk Brittany Williams who turned the blind eye of Walley's misconduct.

84. As a direct and proximate cause of this false arrest. Plaintiff suffered federal civil liberty violations, loss of liberty for three days, mental anguish, anxiety, severe emotional distress, and the loss of enjoyment of life for 23 months, until the charges were remanded on September 1, 2022.

## 2. <u>MALICIOUS PROSECUTION</u>

85. Plaintiff realleges paragraph 1 through 84 of this Complaint and incorporates them herein by reference.

86. Plaintiff Lewis brings this claim against Detective Whitney Walley, in her

official and individual capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

87.   At all material times, Defendant Detective were acting under color of state law as agent and employee of Defendant, City of Southaven. Defendant Detective wore their official SPD badge, and were acting in the course and scope of her duties as Southaven Police Detective at all times relevant to this cause of action.

88.   Plaintiff contends Defendant Detective Walley violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, by maliciously prosecuting him. Plaintiff alleges the following:

89.   Defendant Detective with malice intent, instituted and commenced criminal charge against Plaintiff when she knowingly prepared, signed, and swore out to the charging affidavit for felony credit card fraud before the Municipal Court Deputy Clerk Brittany Williams without providing any facts and circumstances to establish probable cause for the charge.

90.   Detective Walley throughout her career in law enforcement routinely applied for arrest warrant and knew what the requirement was to obtain an arrest warrant.

91.   Despite the above facts, Defendant Detective improperly used the criminal legal procedure with malice, and exacerbated the situation by continuing to pursue the criminal charge by presenting the case to the grand jury without probable cause in violation of the Fourth Amendment.

92.   On March 10, 2021, plaintiff was indicted by the Circuit Court grand jury.

93.    Defendant Detective Walley actions and inactions were egregious, arbitrary and contrary to Mississippi State law.

94.    Plaintiff alleges Defendant Detective commenced the criminal charge out of spite and without probable cause.

95.    Eventually, the charge was remanded in the Circuit Court on September 1, 2022, twenty-three (23) months later.

96.    As a result of the foregoing actions, Defendant Detective injured Plaintiff's and exposed him to public contempt, ridicule, and stigmatization. Plaintiff also suffered embarrassment, inconvenience, mental anguish, severe emotional distress, and anxiety for twenty-three (23) months , and the loss of liberty for three (3) days as a direct and proximate result of acts and/omissions of the Defendant Detective.

### 3.  ILLEGAL SEARCH AND SEIZURE OF CELL PHONE CONTENT (PHOTO)

97.    Plaintiff realleges paragraph 1 through 96 of this Complaint and incorporates them herein by reference.

98.    Plaintiff Lewis brings this claim against Defendant Detective/Officer in her individual and official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

99.    At all material times, Defendant Detective were acting under color of law as agent and employee of Defendant, the City of Southaven. Defendant Detective wore her official SPD badge, and were acting in the course and scope of her duties as Southaven Police Detective at all times relevant to this cause of action.

100.    Plaintiff contends Defendant Detective violated his federal Constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, by accessing, seizing, and viewing the receipt of Best Buy that was stored in Plaintiff's cell phone without obtaining a search warrant.

101.    On November 20, 2020, Defendant Detective was informed by investigator Cory Weatherspoon of Washington County Sheriff Department that while searching Plaintiff's cell phone he found a receipt from Best Buy in Southaven that related to purchases made with the victims stolen credit card.

102.    Defendant Detective received, viewed, and accessed the picture of the receipt via email from Investigator Weatherspoon without obtaining a search warrant and used the illegal obtained photo to make Plaintiff the suspect in her criminal case.

103.    Defendant Detective should have known that she violated Plaintiff's Fourth Amendment constitutional rights when she accessed, viewed, seized, and searched the photo of the receipt that was stored in Plaintiff's cell phone without first obtaining a search warrant.

104.    As a direct and proximate cause of Defendant Detective action and inactions, Plaintiff suffered the loss of privacy in his cell phone content and was deprived of his Fourth Amendment rights.


### 4.    LOSS OF LIBERTY

105.    Plaintiff realleges paragraph 1 through 105 of this Complaint and incorporates them herein by reference.

106.    Plaintiff brings this claim against Detective Whitney Walley in her official

and individual capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

107.    At all material times, Defendant Detective were wearing her official SPD badge and were acting in the course and scope of her duties as Southaven Police Detective at all times relevant to this action.

108.    Plaintiff contends Defendant detective violated his federal constitutional guarantees of the Fourth, Fifth and Fourteenth Amendment, incorporated to the states by the Fourteenth Amendment, and his substantive and procedural due process rights, by filing the warrant affidavit against Plaintiff that lacked probable cause and procuring and arresting Plaintiff without due process of the law.

109.    Defendant Detective subjected Plaintiff to the loss of liberty by her arbitrary actions and obtaining the arrest warrant which was used and caused Plaintiff to be unlawfully detained for three (3) days.

110.    As a direct and proximate cause of Defendant Detective actions and inactions, Plaintiff suffered the loss of liberty for three (3) days without due process of law, mental anguish, anxiety, and emotional distress.

111.    Plaintiff Lewis is also entitled to punitive damages.


## 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

112.    Plaintiff realleges paragraphs 1 through 111 of this Complaint and incorporate them herein by refence.

113.    Mississippi has adopted the Restatement's standard for this tort. *Sears, Roebuck & Company v. Devers, 405 So. 2d 898,902 (Miss 1981); McFadden v. State, 580 So. 2d 1210, 1217 (Miss. 1991).*

114.    To prevail on a claim of intentional infliction of emotional distress, a

Plaintiff must demonstrate that the conduct complained of "must evoke outrage or revulsion." *Mitchell v. Random House, Inc., 865 F. 2d, 664, 672 (5th Cir. 1989).*

115.　Detective Walley did intentionally or acted reckless, with malice failed to perform a ministerial duty just to ensure that Plaintiff was charge and arrested without probable cause for felony credit card fraud.

116.　Detective Walley's conduct of knowingly and deliberately arresting, charging, and continuing to institute the charges and testifying before a grand jury session, in which Plaintiff was indicted and was facing a life sentence based on a warrant affidavit that lacked probable cause, is outrageous, intolerable, and offends all accepted standards of decency and morality.

117.　Detective Walley's conduct has caused Plaintiff Lewis, mental anguish, anxiety, inconvenience, and severe emotional distress for twenty-three (23) months of thinking that he was going to serve a life sentence in prison as an violent habitual offender.

118.　Plaintiff Lewis is also entitled to punitive damages.


## (2) PLAINTIFF'2nd CLAIM: 42 U.S.C. § 1983--- MUNICIPAL LIABILITY

119.　Plaintiff realleges paragraph 1 through 118 of this Complaint and incorporates them herein by reference.

120.　Plaintiff plead that his constitutional rights were violated when Defendant Detective arrested him after procuring the arrest warrant pursuant to a charging affidavit that lacked probable cause.

121.　The City of Southaven is also liable under 42 U.S.C. § 1983 for "maintaining" a policy, practice, custom, procedure or usage which authorized subjecting

individual to being unlawfully arrested pursuant to a warrant affidavit that lacked probable cause. The City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights including the rights to be free from arbitrary arrest and to be free from unreasonable seizure of person without probable cause, and all other rights conveyed to Plaintiff under 42U.S.C. § 1983 and 1988.

122.    Additionally, municipalities are held liable under 42 U.S.C. § 1983 constitutional torts that are committed pursuant to its employee failure to perform a ministerial act pursuant to a policy, procedure, practice, or custom of the municipality.

123.    In the present case, the City's employee Detective Walley acted contrary to the Mississippi Rule of Criminal procedure 2.1 (a) and failed to perform a ministerial act by failing to set forth any underlying facts and circumstances constituting an offense and alleging that Plaintiff committed the offense with her charging affidavit which caused the false arrest, malicious prosecution, loss of liberty, severe emotional distress, anxiety, and mental anguish. Consequently, the City is liable for harm cause to others, such as Plaintiff, as a result of its employee Detective Walley knowingly and intentionally with malice failing to perform a ministerial duty pursuant to its policies, practices, customs, and procedures.

124.    At the time Defendant Detective filed the charging affidavit against Plaintiff and procured the arrest warrant for plaintiff's arrest, while she was acting contrary to an official city policy, practice, custom and failed to perform a ministerial duty while commencing a criminal Proceeding against Plaintiff.

125.    Thus, the City's Detective failure to perform a ministerial duty by acting

contrary to Mississippi Rule of Criminal Procedure 2.1 (a) and not setting forth any underlying facts and circumstances constituting an offense and alleging that the Plaintiff committed the offense and procuring the arrest warrant, without Probable cause was a direct cause of Plaintiff's malicious prosecution, false arrest, loss of freedom, anxiety, and severe emotional distress injuries.

## VI.    DAMAGES

126.    Plaintiff reallege paragraph 1 through 125 of this Complaint and incorporates them herein by reference.

127.    In addition to the damages mentioned in the proceeding paragraphs as a Direct and proximate result of the knowingly, intentional, and unlawful conduct of Defendant Detective, Plaintiff have suffered, and in reasonable probability will continue to suffer damages.

128.    In addition, Defendant Detective are liable for compensatory and Exemplary damages arising from her negligence and gross negligence.

## VII.    JURY DEMAND

129.    Plaintiff respectfully demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## VIII.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays:

1.    That proper process be issued against the Defendants requiring them to plead and answer.

2.    That Plaintiff be awarded a judgment against the Defendants in

an amount not less than FOUR MILLION DOLLARS ($ 4,000,000.00) in actual and compensatory damages.

3.     That Plaintiff be awarded punitive damages in an amount not less than SIX MILLION DOLLARS ($ 6,000,000.00) for Defendants grossly negligent reckless, and/or willful acts and/or omissions in this case, where such actions caused actual damages to Plaintiff.


4.     That a jury of the Plaintiff's peers be empaneled to try these Issues.

5.     That Plaintiff reserve the right to amend these pleadings to conform to the facts of this matter.

6.     Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future.

PLAINTIFF DEMAND A TRIAL BY JURY FOR ALL CLAIMS ALLOWABLE BY LAW WHEN THE ISSUES ARE JOINED HEREIN.


Respectfully submitted this _29th_ day of August 2023.

Pro Se, Stephen Lewis, PLAINTIFF

Stephen Lewis
852 Whitehaven Lane
Memphis, Tennessee 38116
Tele: (253) 314-4182
Email: SL4395225@gmail.com