IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STEPHEN LEWIS**                                                    **PLAINTIFF**

**V.**                                                          **NO. 3:23-CV-336-DMB-RP**

**CITY OF SOUTHAVEN, MISSISSIPPI;**
**and DETECTIVE WHITNEY WALLEY,**
**in her official and individual capacity as**
**a Southaven Police Department detective**                   **DEFENDANTS**

## ORDER

On August 29, 2023, Stephen Lewis filed a pro se complaint against the City of Southaven, Mississippi, and Detective Whitney Walley, in her official and individual capacity as a Southaven Police Department detective, asserting various federal and state law claims relating to his November 13, 2020, arrest. Doc. #1. On October 27, 2023, the defendants filed a motion for judgment on the pleadings or, alternatively, for summary judgment. Doc. #16. Nearly three weeks later, on November 22, 2023, Lewis filed two documents with similar (but not identical) titles: (1) "Plaintiff's Motion for Summary Judgment and Memorandum in Opposition to Defendant's City of Southaven and Detective Whitney Walley, in Her Official and Individual Capacities Motion for Judgment on the Pleadings or Alternatively, Motion for Summary Judgment," Doc. #20; and (2) "Plaintiff's Motion for Summary Judgment and Memorandun [sic] in Opposition to City of Southaven and Detective Whitney Walley, in Her Official and Individual Capacities Motion for Judgment on the Pleadings or, in Alternative, Motion for Summary Judgment," Doc. #21. Six days later, the defendants filed a motion to strike Lewis' November 22 filings, arguing that such are an untimely response to their motion for judgment on the pleadings. Doc. #22; Doc. #23 at 1. The same day, the defendants also filed a motion for an extension to reply to Lewis' November 22

filings, "if necessary,"—specifically, "an additional seven (7) days after the date an Order is entered by the Court on Defendants' Motion to Strike Plaintiff's response." Doc. #24 at 2.

To the extent Lewis' November 22 filings each include his response to the defendants' motion for judgment on the pleadings, such response is untimely. *See* L.U. Civ. R. 7(b)(4) (requiring a response to a motion and a memorandum brief to be filed within fourteen days of the motion's filing). And to the extent Lewis' November 22 filings each combine his motion for summary judgment with his response to the defendants' motion for judgment on the pleadings, the filings violate Local Rule 7(b)(3)(C)'s prohibition that "[a] response to a motion may not include a counter-motion in the same document."

Given the untimeliness of Lewis' response to the motion for judgment on the pleadings,[1] the defendants' motion to strike [22] is **GRANTED** to that extent.[2] Because Lewis' November 22 filings also violate Local Rule 7(b)(3)(C), reason exists to strike them in their entirety. Accordingly, Lewis' November 22 filings [20][21] are **STRICKEN**. The defendants' motion for extension [24] is **DENIED as moot**.

**SO ORDERED**, this 15th day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Had Lewis filed a motion for an extension of time showing both good cause and excusable neglect for his failure to timely respond to the motion for judgment on the pleadings, his response to the motion could have been deemed timely. *See* Fed. R. Civ. P. 6(b)(1)(B).

[2] Although pro se litigant's filings are liberally construed, they still must "reasonably comply" with a court's rules. *Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019); *see Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers.").